UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SGA INVESTMENTS, LLC | CIVIL ACTION NO. 21-cv-187 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| MT HAWLEY INSURANCE CO | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

**Introduction**

This is a first-party insurance case involving severe hail damage to Plaintiff's shopping center. Before the court is Plaintiff's Motion to Compel (Doc. 32). At issue are two Rule 30(b)(6) deposition topics and one request for production. The motion is granted in part and denied in part as set forth below.

**The Rule 30(b)(6) Deposition Topics**

Plaintiff's deposition Topics 4 and 11 ask that a witness be presented to testify regarding the following topics:

> Topic 4. The underwriting files referring or relating in any way to the policy or the property at issue in this action.

****

> Topic 11. Defendant's or any applicable affiliate company's underwriting policies and procedures for commercial properties including loss control processes, pre-insurance inspections, risk ratings, premium assignments, and renewal procedures.

Defendant objected to the topics as overly broad, unduly burdensome, irrelevant, and not proportional. Defendant also objected because the documents sought are

confidential and contain proprietary business information. Plaintiff argues that Defendant's objections are waived because Defendant did not file a motion for protective order related to the topics, citing Tellis v. Leblanc, 18-cv-0541, Doc. 319-1.

The motion to compel regarding Topic 4 is denied. The Rule 30(b)(6) deponent, Matthew Campen, was vice president of claims. While he was not in the underwriting group, he testified that, "From an underwriting perspective, I mean, I think as the 30(b)(6) witness, I do have the most or the best knowledge about the corporate - - as the corporate rep." Campen Deposition at p. 11. Defendant's counsel encouraged Plaintiff's counsel to ask Mr. Camen whatever questions he wanted regarding Topic 4. Id. at pp. 12-13. Yet Plaintiff's counsel insisted that, if he wanted to talk with a witness about underwriting issues, he needed to talk with an underwriter or an underwriter manager. Id. at p. 12.

Plaintiff's argument misses the mark. Under Rule 30(b)(6), it is the organization that is to select and prepare the witness to testify on the deposition topics. The party requesting the deposition has no role in the selection of the witness other than the drafting of the topics. During the deposition, Plaintiff's counsel was encouraged to explore what the witness knew regarding Topic 4. He did not do so, and he has now missed his chance.

Plaintiff's motion is granted as to Topic 11. Defendant waived its objection to Topic 11 by not filing a motion for protective order prior to the deposition. Defense counsel conceded that, if Topic 11 was an appropriate topic for a deponent, Mr. Campen was not the person to testify about that. Campen Deposition at p. 16. Defendant is ordered to prepare a witness to be deposed on Topic 11, and the parties are directed to take the deposition on Topic 11 on a date and time convenient to all parties.

**Request for Production No. 32**

Request for Production No. 32 asked Defendant to produce:

Your written procedures, policies, manuals, guidelines, risk classifications and rules (including Document(s) maintained in electronic form) that pertain to underwriting and to evaluating condition of properties prior to issuance or renewal of policy.

Defendant objected to the request because it was overly broad, irrelevant, and not proportional. Defendant also objected because the request called for confidential and proprietary business information.

Plaintiff's motion to compel as to RFP No. 32 is granted in part and denied in part. The court finds that Defendant's written procedures, policies, manuals, and guidelines pertaining to the evaluation of the condition of commercial properties, like Plaintiff's, prior to issuance or renewal of a policy are relevant to the claims and defenses in this case. The remainder of the request is overly broad and not proportional to the needs of this case. The information to be produced may be designated as confidential and, if so, may only be used for the purposes of this particular litigation. Defendant's supplemental response is due within 14 days of the date of this order.

Any request for fees in connection with the motion to compel is denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of February, 2022.



Mark L. Hornsby
U.S. Magistrate Judge